# Exhibit A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

CARL A. McMAHAN, ESQ., (SBN 108551)
McMAHAN LAW PC
11755 Wilshire Blvd., Suite 2370
Los Angeles, CA 90025

TELEPHONE NO: (310) 479-8827   FAX NO. *(Optional):* (310) 479-7226
E-MAIL ADDRESS *(Optional):* carl@cmcmahanlaw.com
ATTORNEY FOR *(Name):* PLAINTIFFS

**FILED/ENDORSED**

NOV 06 2020

By: ___T. Crowther___
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: Sacramento, California 95814
CITY AND ZIP CODE:
BRANCH NAME: Gordon D. Schaber Courthouse

PLAINTIFF: La'Niyah Tyler, a minor, by and through her
Guardian ad Litem, Latisha Watkins; Latisha Watkins and
Mario Tyler, individually

DEFENDANT: Gregory E. Douglas, M.D.; Paula L. Akin, D.O.;
Nathan Allen, M.D.; Wellspace Health; Mercy General
Hospital; and
[x] DOES 1 TO 100

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE   [x] OTHER *(specify):* Medical /Hospital Negligence;
  [ ] Property Damage   [ ] Wrongful Death Medical Battery
  [ ] Personal Injury   [x] Other Damages *(specify):* Emotional
                                                        Distress

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [ ] does not exceed $10,000
                   [ ] exceeds $10,000, but does not exceed $25,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:
34-2020-00288639

1. Plaintiff *(name or names):* La'Niyah Tyler, a minor, by and through her Guardian ad Litem,
   Latisha Watkins; Latisha Watkins and Mario Tyler, individually
   alleges causes of action against defendant *(name or names):* Gregory E. Douglas, M.D.; Paula L. Akin,
   D.O.; Nathan Allen, M.D.; Wellspace Health; Mercy General Hospital
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [x] except plaintiff *(name):* La'Niyah Tyler, a minor
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [x] a minor [ ] an adult
         (a) [x] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

FILED BY FAX

PLD-PI-001

| SHORT TITLE: Tyler, et al., v. Douglas, M.D., et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* Wellspace Health        c. ☐ except defendant *(name):*
      ("W.H.")

      (1) ☒ a business organization, form unknown        (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*       (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*                (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                           (5) ☐ other *(specify):*

   b. ☒ except defendant *(name):* Mercy General         d. ☐ except defendant *(name):*
      Hospital ("MGH")

      (1) ☒ a business organization, form unknown        (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*       (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*                (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                           (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-50 _____ were the agents or employees of other
        named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 51-100 _____ are persons whose capacities are unknown to
        plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: Tyler, et. al., v. Douglas, M.D., et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort  –Medical Battery
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):*  Emotional Distress

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☒ according to proof
   (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: November 4, 2020

Carl A. McMahan
    (TYPE OR PRINT NAME)

▶ _(signature)_
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE: Tyler, et al. v. Douglas, M.D., et al. | CASE NUMBER |
|---|---|

First _____   **CAUSE OF ACTION—General Negligence**   Page 4 _____
(number)

ATTACHMENT TO [x] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* LA'Niyah Tyler, a minor, by and through her Guardian ad Litem, Latisha Watkins; Latisha Watkins, individually
alleges that defendant *(name):* Gregory E. Douglas, M.D.; Paula L. Akin, D.O.; Nathan Allen, M.D., Wellspace Health; Mercy General Hospital

[x] Does 1 _____ to 100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* November 22, 2019
at *(place):* Mercy General Hospital, 4001 J. Street, Sacramento, California 95819
*(description of reasons for liability):*

1. Plaintiff Latisha Watkins received her prenatal care at W.H. Dr. Allen was her prenatal physician. Ms. Watkins was diagnosed as having a large for gestational age (L.G.A.) or macrosomic fetus. Despite this diagnosis, Dr. Allen and W.H. negligently failed to inform Ms. Watkins of the risks of L.G.A. or macrosomia associated with vaginal delivery, and offer C-Section as a delivery alternative to avoid those risks.

2. On November 21, 2019, Ms. Watkins was admitted to M.G.H. for induction of vaginal delivery. She was delivered on November 22, 2019. Dr. Allen was the admitting physician. Dr. Douglas was the delivering physician. Dr. Akin was called in to assist Dr. Douglas with "difficult shoulder dystocia delivery due to macrosomia".

3. Despite fetal macrosomia, Dr. Allen and Dr. Douglas negligently failed to inform Ms. Watkins of the risks of vaginal delivery associated with macrosomia, including shoulder dystocia and negligently failed to offer C-section as a delivery alternative. Instead, Dr. Douglas negligently utilized a vacuum extractor/forceps to attempt to deliver the baby, and failed to obtain Ms. Watkins' informed consent to do so.

4. Upon delivery of the fetal head, Dr. Douglas encountered a left anterior shoulder dystocia. Dr. Douglas negligently failed to perform the manuevers required by the standard of care to safely deliver the shoulder dystocia. Because of that, he called Dr. Akin to assist. Dr. Akin and Dr. Douglas then negligently exerted improper forces in an effort to deliver the baby.

5. Dr. Douglas additionally negligently failed to order the nurses to perform the appropriate manuevers to assist in the shoulder dystocia delivery; and/or the nurses negligently failed to perform same .

**CAUSE OF ACTION—General Negligence**   Legal Solutions Plus

| PETITIONER/PLAINTIFF: Tyler, et al. v., | CASE NUMBER: |
| RESPONDENT/DEFENDANT: Gregory E. Doulgas, M.D., et al. | |

First Cause of Action- General Negligence                    Page 5
Attachment A to Complaint

6.  As a direct and proximate result of the aforesaid negligent acts and
omissions of said defendants, minor plaintiff, La'Niyah Tyler suffered severe
and permanent global left brachial plexus paralysis and avulsions, right
humeral fracture, had no spontaneous respirations or movements at delivery
requiring resuscitation, had cephalohematomas and required transfer via
ambulance to UC Davis Medical Center NICU for further care and treatment.  A
nerve graft surgery was subsequently performed at Shriners' Hospital in
Sacramento, with further surgeries contemplated.  Ms. Watkins suffered vaginal
injuries.



PLD-PI-001(2)

| SHORT TITLE:  La'Niyah Tyler, a minor et al. v. Gregory Douglas, M.D., et al. | CASE NUMBER: |
|---|---|

Second _____ **CAUSE OF ACTION—General Negligence /**          Page 6 _____
   (number)                                   **MEDICAL BATTERY**
ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  LA'Niyah Tyler, a minor, by and through her Guardian ad Litem,
       Latisha Watkins, Latisha Watkins individually
       alleges that defendant *(name):*  Gregory E. Doulgas, M.D.

       [x] Does 1 _____ to 100 _____

       was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
       negligently caused the damage to plaintiff
       on *(date):*  November 22, 2019
       at *(place):*  Mercy General Hospital, 4001 J. Street, Sacramento, California
       95819
       *(description of reasons for liability):*

1.  Plaintiffs repeat and reallege the First Cause of Action as if fully set
forth herein.

2.  The use of a vacuum extractor/forceps in a vaginal delivery is defined in
obstetrics as an instrument delivery.  There are certain risks associated with
the use of a vacuum extractor/forceps, instrument delivery, to both the fetus
and the mother.  As such, California law and the standard of obstetrical care
require that the mother be given a full and complete informed consent of the
risks prior to the application of the vacuum extractor/forceps.  A failure to
obtain said informed consent prior to the application of the vacuum
extractor/forceps is medical battery.

3.  Dr. Douglas utilized a vacuum extractor in the delivery of the minor
plaintiff.  At no time prior to the application of the vacuum extractor to the
fetal head, and the mother's vaginal outlet, did Dr. Douglas explain the risks
of vacuum extraction to Ms. Watkins; one of which is the high association of the
use of vacuum extraction in causing/contributing to the occurrence of a shoulder
dystocia with an L.G.A. or macrosomic fetus.  As such, Dr. Douglas never
obtained Ms. Watkins' informed consent for the use of the vacuum extractor,
which constitutes medical battery to the minor plaintiff and the mother Ms.
Watkins.

4.  The unconsented to use of the vacuum extractor by Dr. Douglas directly
caused and contributed to the occurrence of the shoulder dystocia and resultant
severe and permanent left brachial plexus injury suffered by the minor plaintiff
and vaginal injuries suffered by Ms. Watkins.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]          **CAUSE OF ACTION—General Negligence**          Legal Solutions Plus          Code of Civil Procedure 425.12

PLD-PI-001(2)

| SHORT TITLE: Tyler, et al., v. Douglas, M.D., et al. | CASE NUMBER |
|---|---|

Third _____ **CAUSE OF ACTION—General Negligence /**          Page 7 _____
(number)                                    **EMOTIONAL DISTRESS**
ATTACHMENT TO [x] Complaint [_] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Latisha Watkins and Mario Tyler

alleges that defendant *(name):*  Gregory E. Douglas, M.D.; Paula L. Akin, D.O.; Nathan
Allen, M.D.; Wellspace Health; Mercy General Hospital

[x] Does x _____ to 100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* November 22, 2019
at *(place):* Mercy General Hospital, 4001 J. Street, Sacramento, California
95819
*(description of reasons for liability):*

1.  Plaintiffs repeat and reallege the First and Second Causes of Action as if
fully set forth herein.

2.  Plaintiff Mario Tyler was present at delivery and observed the injury-
producing event and the injury to his child.  Pursuant to Thing v. La Chusa, he
is entitled to recover for his emotional distress at witnessing same as his
distress is greater than that of a disinterested bystander.

3.  Pursuant to Burgess v. Superior Court, plaintiff Latisha Watkins only, is
entitled to recover damages for her emotional distress occasioned by the actual
injuries sustained by her newborn daughter.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) (Rev. January 1, 2007)

**CAUSE OF ACTION—General Negligence**

Legal
Solutions
e, Plus

Page 1 of 1
Code of Civil Procedure 425.12