UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| L.T., A MINOR, THROUGH HER GUARDIAN AT LITEM, LATISHA WATKINS; LATISHA WATKINS AND MARIO TYLER, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, GREGORY E. DOUGLAS, M.D.; PAULA L. AKIN, D.O.; MERCY GENERAL HOSPITAL; AND DOES 1 TO 100,<br><br>Defendants. | No. 2:21-cv-1564 WBS JDP<br><br>ORDER OF DISMISSAL AND REMAND |

----oo0oo----

Plaintiffs originally filed their complaint in Sacramento County Superior Court on November 6, 2020 against Gregory E. Douglas, M.D.; Paula L. Akin, D.O.; Nathan Allen, M.D.; WellSpace Health; Mercy General Hospital; and DOES 1 to 100 for medical negligence, medical battery, and negligent infliction of emotional distress arising from the care and delivery of plaintiff L.T. on November 22, 2019.  (Decl. of Kelli L. Taylor,

1

Ex. 1, Complaint (Docket No. 4-3) ("Compl.").)

On or about June 18, 2021, after filing their complaint in the state court, plaintiffs filed an administrative claim with the Department of Health and Human Services regarding the pre-natal care and delivery of plaintiff L.T.  (Decl. of Taylor, Ex. 2, Administrative Claim (Docket No. 4-4) ("Admin. Claim").)

On or about August 19, 2021, the United States Attorney certified that Dr. Allen and WellSpace were employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, and acting within the scope of their employment at the time of the incident.  (See Decl. of Taylor, Ex. 3, Certification of Scope of Employment (Docket No. 4-5).)

On August 31, 2021, defendant United States removed the above-captioned action to this court (Docket No. 1), and pursuant to stipulation of the plaintiffs and United States, the United States was substituted in place of Dr. Allen and WellSpace Health on September 2, 2021.  (Docket No. 5.)

The United States now moves to dismiss plaintiffs' claim against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based upon plaintiffs' failure to exhaust administrative remedies as required by 28 U.S.C. § 2675 of the Federal Tort Claims Act ("FTCA").  (Docket No. 4.) Plaintiffs filed a statement of non-opposition to the motion. (Docket No. 8.)

Where a jurisdictional issue is separable from the merits of case, the court may determine jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Roberts v.

2

1  Crothers, 812 F. 2d 1173, 1177 (9th Cir. 1987); Augustine v.
2  United States, 704 F. 2d 1074, 1077 (9th Cir. 1983).  In such a
3  situation, the court is "free to hear evidence regarding
4  jurisdiction and to rule on that issue prior to trial, resolving
5  factual disputes where necessary."  Augustine at 1077.
6        The FTCA "gives federal district courts exclusive
7  jurisdiction over claims against the United States for 'injury or
8  loss of property, or personal injury or death caused by the
9  negligent or wrongful act or omission' of federal employees
10 acting within the scope of their employment."  Levin v. United
11 States, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. §
12 1346(b)(1)).  Upon removal to federal district court, the
13 proceeding is "deemed a tort action brought against the United
14 States under the" FTCA.  42 U.S.C. § 233.
15       However, the "FTCA bars claimants from bringing suit in
16 federal court until they have exhausted their administrative
17 remedies."  McNeil v. United States, 508 U.S. 106, 113 (2021).
18 To exhaust administrative remedies, a claimant must first present
19 her claim "to the appropriate Federal Agency" and the claim must
20 be denied in writing, or if the agency has not made a final
21 disposition within six months, the claim is deemed denied and the
22 claimant can proceed to court.  See 28 U.S.C. 2675(a); Jerves v.
23 United States, 996 F. 2d 517, 519 (9th Cir. 1992).  The
24 administrative claim requirements are jurisdictional in nature
25 and must be strictly adhered to.  See Jerves at 521; Meridian
26 Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th
27 Cir. 1991).
28       The United States correctly asserts, based on the

3

1    undisputed facts set forth in its motion, that plaintiffs did not
2    exhaust administrative remedies prior to suing the United States
3    under the FTCA.  Plaintiffs did not file their administrative
4    claim until after they filed their claim in state court, and it
5    has still been less than six months since the administrative
6    claim was filed.  There is no evidence showing that plaintiffs'
7    administrative claim was ever denied or otherwise acted upon.
8    Plaintiffs do not dispute this timeline.

9             Because less than six months have expired since the
10   filing of plaintiffs' administrative claim, and the claim has not
11   yet been acted upon, plaintiffs have not exhausted their
12   administrative remedies prior to bringing suit under the FTCA,
13   and this court has no subject matter jurisdiction over the claim
14   as against the United States.  Accordingly, the complaint's
15   claims against the United States must be dismissed.  Nothing in
16   this Order shall preclude plaintiffs from continuing to pursue
17   administrative remedies to which they are entitled.  Upon
18   exhaustion of those administrative remedies, plaintiffs may
19   choose to bring another suit against the United States.

20            Upon dismissal of defendant United States, Dr. Douglas,
21   Dr. Akin, Mercy General Hospital, and Does 1 to 100 remain as
22   defendants in this case, and plaintiffs assert only state law
23   claims against them.  Federal courts have "supplemental
24   jurisdiction over all other claims that are so related to claims
25   in the action within such original jurisdiction that they form
26   part of the same case or controversy under Article III of the
27   United States Constitution."  28 U.S.C. § 1367(a).  However, a
28   district court "may decline to exercise supplemental jurisdiction

4

1  . . . [if] the district court has dismissed all claims over which
2  it has original jurisdiction." 28 U.S.C. § 1367(c); see also
3  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir.
4  1997) (en banc) (explaining that a district court may decide sua
5  sponte to decline to exercise supplemental jurisdiction).
6       The Supreme Court has stated that "in the usual case in
7  which all federal-law claims are eliminated before trial, the
8  balance of factors to be considered under the pendent
9  jurisdiction doctrine——judicial economy, convenience, fairness,
10 and comity——will point toward declining to exercise jurisdiction
11 over the remaining state-law claims." Carnegie-Mellon Univ. v.
12 Cohill, 484 U.S. 343, 350 n.7 (1988).
13      Here, the factors weigh in favor of declining to
14 exercise supplemental jurisdiction.  This case is in its very
15 early stages and this is the only motion that has been brought in
16 this court.  The state court is fully competent to adjudicate the
17 state law claims and may have a better understanding of the
18 relevant state law.  It appears that both the state and federal
19 courts are equally convenient for the parties, and plaintiffs
20 originally brought this suit in state court. Counsel for
21 plaintiffs further agreed during oral argument that the remaining
22 claims should be remanded.  Accordingly, having dismissed this
23 action as to the United States, the court will remand plaintiffs'
24 remaining state law claims to the state court.
25      IT IS THEREFORE ORDERED that defendant's motion to
26 dismiss (Docket No. 4) be, and the same hereby is, GRANTED.
27 Plaintiffs' claims against the United States are DISMISSED.
28      AND IT IS FURTHER ORDERED that this case be, and the

same hereby is, REMANDED to the Superior Court of California, in and for the County of Sacramento.  The Clerk of this Court shall forward a copy of this Order to the Clerk of the Superior Court of California, in and for the County of Sacramento.

Dated:  October 5, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE